UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  No. 4:24 CV 527 CDP ) |
| DIESTELKAMP CONTRACTING, LLC, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This is an action to collect delinquent fringe benefit contributions pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Defendant Diestelkamp Contracting, LLC, was served with the summons and complaint in this matter on April 24, 2024, and has not filed an answer or otherwise entered an appearance. Default was entered by the Clerk of Court on July 19, 2024. [ECF # 14.] Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, plaintiffs have moved this Court for an order compelling defendant to submit to a financial examination so that plaintiffs can determine amounts owed to them.

Plaintiffs have established that defendant, at all times material, was bound by a collective bargaining agreement with Laborers Local Unions 42 and 110.

The agreement required the defendant to submit monthly reports and contributions to various employee benefit funds and to submit supplemental union dues payments to Local Unions 42 and 110. The agreement also authorized plaintiffs to examine the financial records of the defendant to ascertain whether the required contributions and supplemental dues payments were made. The only way in which plaintiffs can determine if all required payments were made and if not, the amount owed, is through such a financial examination.

ERISA authorizes this Court to grant equitable relief such as an accounting in an action for delinquent contributions. 29 U.S.C. § 1132(g)(2)(E). Moreover, Rule 55(b)(2) of the Federal Rules of Civil Procedure provides in relevant part as follows:

> The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Default Order to Compel an Accounting [15] is **GRANTED**.

**IT IS FURTHER ORDERED** that <u>**within thirty (30) days of the date of this Order**</u> defendant Diestelkamp Contracting, LLC, shall submit to an accounting and provide to plaintiffs all of its books, ledgers, payroll records, cash

disbursement ledgers, bank statements, and other documents reflecting or pertaining to all hours worked by and wages paid to defendant's employees from June 1, 2020 through December 31, 2023.

**IT IS FURTHER ORDERED** that the Court reserves jurisdiction to make such further orders and grant such additional relief, including but not limited to the entry of partial and final judgments, as it deems appropriate.

**IT IS FURTHER ORDERED** that defendant's failure to comply with this Order may result in the imposition of sanctions.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Memorandum and Order to defendant Diestelkamp Contracting, LLC, at the following addresses:

> Diestelkamp Contracting, LLC
> 282 East Avenue
> St. Louis, MO  63119

and

> Diestelkamp Contracting, LLC
> Registered Agent:  Donald Baerveldt
> 566 First Capital Drive
> St. Charles, MO  63301

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of September, 2024.