UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., ) ) ) Plaintiffs, ) ) v. ) ) ) DIESTELKAMP CONTRACTING, LLC, ) ) Defendant. ) | No. 4:24 CV 527 CDP |

## MEMORANDUM AND ORDER

Plaintiffs move for default judgment in this action brought under the Employee Retirement Income Security Act, 29 U.S.C. § 1132(g)(2) (ERISA), and the Labor Management Relations Act, 29 U.S.C. § 185 (LMRA), for recovery of delinquent contribution and dues.  Plaintiffs claim that defendant Diestelkamp Contracting, LLC, failed to submit monthly reports and contributions owed to ERISA plans and failed to submit supplemental dues to the union plaintiffs as required by a collective bargaining agreement (CBA).  Plaintiffs are Local Unions Nos. 42 and 110, Laborers International Union of North America, AFL-CIO (the Union); four employee benefits plans – Greater St. Louis Construction Laborers Welfare Fund, Construction Laborers Pension Trust of Greater St. Louis, St. Louis Vacation Fund, and Construction Laborers & Contractors Training Fund of Eastern

Missouri (the Funds) – and their respective boards of trustees.  For the reasons that follow, I will grant the motion and enter full default judgment against the defendant.

Plaintiffs filed this action on April 4, 2024.  On July 19, 2024, the Clerk of Court entered an order of default against defendant after it failed to file an answer or other responsive pleading within the time required after being served with process.  On September 9, 2024, I granted plaintiffs' motion to compel an accounting, and I ordered defendant to submit to a financial examination.  Plaintiffs now move for a full default judgment, seeking a money judgment against defendant for unpaid contributions owed to ERISA plans, unpaid supplemental union dues, liquidated damages, interest, audit fee, attorneys' fees, and costs.

## Discussion

After default has been entered against a defendant, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint.  *See Taylor v. City of Ballwin,* 859 F.2d 1330, 1333 (8th Cir. 1988).  While factual allegations in the complaint are generally taken as true, allegations relating to the amount in damages must be proven to a reasonable degree of certainty.  *Everyday Learning Corp. v. Larson,* 242 F.3d 815, 818 (8th Cir. 2001); *Stephenson v. El-Batrawi,* 524 F.3d 907, 916-17 (8th Cir. 2008).  Evidence and supporting documents must provide a basis for the amount in damages sought by plaintiffs and awarded by the

Court. *Stephenson*, 524 F.3d at 917.  Accordingly, in deciding the present motion for default judgment, I accept as true the factual allegations contained in plaintiffs' complaint and consider the affidavits and evidence presented by plaintiffs as they relate to plaintiffs' claimed damages.  Plaintiffs have submitted the affidavits of the Funds' Accounting Supervisor Jamie E. Gieseking, Auditor Peter A. Lawrence, and attorney Janine M. Martin, with supporting exhibits.  Plaintiffs have also submitted a proposed judgment for my consideration.  I have also reviewed Gieseking's first affidavit and accompanying exhibits that were submitted with plaintiffs' Motion for Default Order of Accounting filed in August 2024.

On the evidence before the Court, plaintiffs have established that defendant Diestelkamp is bound to a CBA with the Union.  The CBA requires Diestelkamp to pay contributions to the plaintiff Funds and to file weekly contribution report forms.  The CBA also requires Diestelkamp to remit dues to the Union.  Finally, as relevant to this action, the CBA provides for liquidated damages and interest on any unpaid amounts as well as attorneys' fees incurred for recovery of unpaid contributions, dues, and liquidated damages, and any other relief permitted by law.  Diestelkamp failed to submit its reports, dues, or contributions when they were due.

In ERISA actions under 29 U.S.C. § 1132 that involve delinquent contributions, a judgment for the prevailing plan(s) includes the amount in unpaid

contributions; interest on unpaid contributions; an amount equal to the greater of interest on the unpaid contributions or, as relevant here, liquidated damages provided for under the plan in an amount not to exceed 20 percent of the amount in unpaid contributions; and reasonable attorneys' fees and costs of the action.  29 U.S.C. § 1132(g)(2).

The Union's LMRA claim that defendant breached the CBA is governed by general principles of contract law.  *See Painters Dist. Council No 58 v. JohnEd, Inc.*, No. 4:17 CV 1271 JMB, 2019 WL 118549, at *2 (E.D. Mo. Jan. 7, 2019).  *See also Trustees of I.B.E.W. Local 405 Health & Welfare Fund v. Affordable Elec., Inc.*, No. 08-CV-117-LRR, 2009 WL 54559, at *3 (N.D. Iowa Jan. 7, 2009) (liability and damages for § 185 claim are governed by terms of the contract, *e.g.*, a CBA).  Accordingly, liquidated damages, interest, attorneys' fees, and costs for plaintiffs' LMRA claim are available only if the CBA provides for them.  *See GP&W Inc. v. Daibes Oil, LLC*, 497 S.W.3d 866, 871 (Mo. Ct. App. 2016) (attorneys' fees and costs for breach of contract); *Painters Dist. Council No. 58 v. Architectural Painting Servs., Inc.*, No. 4:16 CV 41 RWS, 2017 WL 1246684, at *6 (liquidated damages for LMRA claim).  The CBA in this action provides for such relief, including liquidated damages at a sum equaling 20 percent of delinquent contributions.

Under ERISA and the applicable CBA, Diestelkamp owes the following

based on the audit conducted for the period of June 1, 2020 through June 30, 2024, with interest calculated through December 31, 2024, at the rate prescribed by 29 U.S.C. §§ 1132(g)(2), 6621:

| | |
|---|---|
| Fringe Benefit Contributions: | $84,583.89 |
| Fringe Benefit Liquidated Damages: | $16,964.02 |
| Fringe Benefit Interest: | $11,577.02 |
| Supplemental Union Dues: | $ 5,013.72 |
| Liquidated Damages on Suppl. Dues: | $ 1,003.32 |
| Interest on Suppl. Dues: | $   644.11 |
| Audit Fee: | $ 1,633.10 |

Plaintiffs also incurred $3,651.50 in attorneys' fees and $567 in costs.[1] Based on the evidence presented, I find that services performed by plaintiffs' attorneys were reasonable and necessary to the litigation of this case, that the rates charged were reasonable, and that the amount sought for attorneys' fees and costs is reasonable.

Based on plaintiffs' allegations and the affidavits and documentation submitted, plaintiffs are entitled to the relief requested.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Default Judgment

---

[1] These costs comprise $405 for the filing fee and $162 for service by special process server. (*See* Martin Affid., ECF 25-5 at ¶ 4.)  Although plaintiffs' memorandum in support of their motion for default judgment does not specifically delineate the $162 service fee, attorney Martin attests that they seek to recover that amount (*id.* at ¶ 5), and the total judgment plaintiffs seek includes the $162 amount.

[24] is **GRANTED**, and plaintiffs shall recover from defendant Diestelkamp Contracting, LLC, the sum of $125,637.68, which comprises the following:

- Fringe Benefit Contributions: $84,583.89
- Fringe Benefit Liquidated Damages: $16,964.02
- Fringe Benefit Interest: $11,577.02
- Supplemental Union Dues: $ 5,013.72
- Liquidated Damages on Suppl. Dues: $ 1,003.32
- Interest on Suppl. Dues: $   644.11
- Audit Fee: $ 1,633.10
- Attorneys' Fees $ 3,651.50
- Court Costs $   567.00.

**IT IS FURTHER ORDERED** that defendant Diestelkamp Contracting, LLC, submit its contribution reporting forms for the months of July 1, 2024, through the date of this Memorandum and Order, along with any owed contributions, supplemental dues, liquidated damages, and interest.

A separate Default Judgment is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of June, 2025.